UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
   Plaintiff,

vs.                           No. 07-1060

TAMELA HITCH, et.al.,
   Defendant.

ORDER

     This cause is before the court for consideration of the plaintiff's motions for leave to file an amended complaint [d/e 6, 10] and motions for leave to proceed in forma pauperis. [d/e 7, 8, 9]

     The plaintiff originally filed his complaint pursuant to 42 U.S.C. §1983 against three defendants at the Pontiac Correctional Center: Correctional Officer Tamela Hitch, Lieutenant Robert Ellinger and Correctional Officer Anabelle Motteler. However, the plaintiff had accumulated three strikes[1] pursuant to 28 U.S.C. § 1915(g) and the court found plaintiff had failed to establish he was in "imminent danger." *See* 28 U.S.C. § 1915(g) ; March 3, 2007 Merit Review Order. The court gave the plaintiff additional time to pay the filing fee in full.

     The plaintiff has failed to pay the filing fee. Instead, the plaintiff has filed two motions for leave to file an amended complaint and three motions for leave to proceed in forma pauperis.

     Each of the plaintiff's motions to amend his complaint have a proposed amended complaint attached. Since the second motion was filed nine days after the first motion, the court assumes the plaintiff wanted the court to consider his most recent motion. The court will therefore deny the first motion for leave to file an amended complaint and consider the second motion. The court notes that the two documents are nearly identical. The plaintiff's second motion for leave to file an amended complaint is granted.[d/e 10]. The court will again conduct a merit review of the amended complaint as required. *See* 28 U.S.C. §1915A

     The plaintiff's amended complaint does not appear to be much different that his original complaint. The plaintiff's first complaint was difficult to interpret, but it was clear the plaintiff

---

[1]*See Carter v. Mote*,  04-cv-1207; *Carter v. Mote*, 04-cv-1255; and *Carter v. Bigley*, 03-cv-0468.

was claiming that Defendant Hitch violated his First Amendment rights by retaliating against him for using the grievance process. The plaintiff alleged that his life was in "imminent danger" because Defendant Hitch had a personal relationship with a Latin King gang member in the prison. The plaintiff said he was afraid of gang attacks and did not want to leave his cell. The plaintiff's amended complaint again makes one clear claim of "First Amendment Constitutional Violations Retaliation." (Amended. Comp, p. 5). The statement of the plaintiff's claim is two pages, but he has attached 16 pages of exhibits.

The plaintiff again says that Defendant Hitch is "using her official influence to get me hurt by other inmates telling them I'm a snitch." (Comp., p. 5). The plaintiff says he was assaulted on March 9, 2007 when an inmate threw "fire balls into my cell." *Id.* None of the attached grievances mention this alleged assault. The plaintiff does not state which inmate was involved and even if this inmate had any contact with Defendant Hitch.[2]

The plaintiff does allege that "this situation developed over my complaints in grievances on C/O Hitch." (Comp., p. 5) However, the grievances the plaintiff says he filed against this Defendant were filed two years before the incidents in April and May of 2005.

Its doubtful the plaintiff could demonstrate a claim of retaliation. In addition, it would be impossible for the plaintiff to have exhausted his administrative remedies for an assault that he alleges took place a week before he filed his complaint. Most importantly, the plaintiff has not established that he is in imminent danger. The majority of the plaintiff's claims involve grievances filed two years ago. The only recent allegation occurred days before he filed this litigation and from his complaint, appears to be a single isolated incident.

The plaintiff's amended complaint again mentions a disciplinary report he received in May of 2005 charging him with Insolence and Intimidation or threats. The plaintiff had previously alleged that he was found guilty of the insolence charge and received one month loss of privileges, one month C grade status and one month in segregation. The plaintiff still claims there was no evidence to support the finding of guilt. The plaintiff has still failed to demonstrate any due process or other constitutional violation based on this allegation. *See Sandin v. Conner*, 515 U.S. 472 (1995) (disciplinary segregation itself does not necessarily

---

[2]The court notes that the plaintiff did allege a different assault in his first complaint and has again attached a January 28, 2007 grievance to his amended complaint concerning this incident. The plaintiff's grievance states that he was punched in the face by another inmate. The counselor responds that the plaintiff has been moved to another area and there is nothing in his master file to indicate he had complained about this inmate previously. There is no claim that the same inmate was involved in both incidents. The plaintiff makes no mention of this incident in the body of his amended complaint.

implicate the due process clause); *See also Whitford v. Boglino*, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest); *Tullis v. DeTella* 1999 WL 90650 at 4 (N.D. Ill 1999) (loss of audio-visual privileges is not an atypical and signification deprivation).

The plaintiff's repetitive motions for leave to proceed in forma pauperis are denied. [d/e 7,8,9]. The plaintiff has been given ample time to pay the filing fee, but has failed to do so. This case is therefore dismissed.
.
**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's first motion for leave to amend his complaint is denied since the plaintiff filed a second motion for the court's consideration. [d/e 6]**

**2) The plaintiff's second motion for leave to file an amended complaint is granted. [d/e 10]. The clerk of the court is directed to file the attached amended complaint.**

**3) The plaintiff's motions for leave to proceed in forma pauperis are denied. [d/e 7. 8, 9]**

**3) The plaintiff's case is dismissed in its entirety, without prejudice, for failure to pay the filing fee.**

Enter this 29th day of February, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3